FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 22 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| CHANEL WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-25 |
| MONTGOMERY COUNTY, MARYLAND, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This prisoner civil rights case was removed from the Circuit Court for Montgomery County by Defendants Montgomery County, Maryland and Sergeant Egon Lawrence. *See* ECF No. 1. Pending before the Court is Defendants' Motion for Partial Dismissal of Plaintiff's Second Amended Complaint, ECF No. 33, Plaintiff Chanel Williams' Notice of Voluntary Dismissal of some of her claims, ECF No. 34, and Plaintiff's Motion to Remand, ECF No. 36. A hearing on these motions is unnecessary. *See* Loc. R. 105.6 (Md.). For the reasons that follow, Plaintiff's Notice of Voluntary Dismissal is construed as a motion to amend and is GRANTED, Plaintiff's Motion to Remand is GRANTED, and Defendants' Motion for Partial Dismissal is DENIED as moot.

**I.  BACKGROUND**

Plaintiff is an inmate at the Montgomery County Maryland Department of Corrections and Rehabilitation facility. *See* ECF No. 22 at ¶ 4. Alleging that a correctional officer, Sgt. Egon Lawrence, sexually assaulted her while she was in her prison cell, *see id.* at ¶¶ 8–12, Plaintiff filed a complaint in the Circuit Court for Montgomery County against Montgomery County. *See*

ECF No. 2. Plaintiff then filed an amended complaint adding Sgt. Egon Lawrence as an additional defendant on September 29, 2014. *See* ECF No. 6. In her amended complaint, Plaintiff alleged that both defendants violated the Maryland Declaration of Rights (Articles 24, 25, and 26), and committed battery, intentional infliction of emotional distress, and assault. *See id.* Plaintiff's amended complaint also charged Montgomery County with gross negligence. *See id.* On October 30, 2014, Defendant Montgomery County filed a motion to dismiss Plaintiff's amended complaint. *See* ECF No. 10. On November 24, 2014, Plaintiff voluntarily dismissed her claims for violation of Articles 24 and 26 of the Maryland Declaration of Rights against both defendants and her claims against Montgomery County for battery, intentional infliction of emotional distress, assault, and gross negligence. *See* ECF Nos. 20. On December 9, 2014, Plaintiff additionally moved to dismiss her count against Sgt. Lawrence for intentional infliction of emotional distress. *See* ECF No. 21.

On the same day, December 9, 2014, Plaintiff filed a second amended complaint largely reflecting Plaintiff's dismissal of the above claims and adding two additional claims against both Defendants: violation of Article 46 of the Maryland Declaration of Rights and violation of 42 U.S.C. § 1983. *See* ECF No. 22-1. After receipt of the second amended complaint, the court denied the motion to dismiss the first amended complaint as moot. *See* ECF No. 25. At that time, Plaintiff had five pending counts. Both Defendants were alleged to have violated Articles 25 and 46 of the Maryland Declaration of Rights and 42 U.S.C. § 1983, and Defendant Sgt. Lawrence alone was alleged to have committed battery and assault. *See id.*

Defendants filed a notice of removal in this Court on January 6, 2015 and filed a motion to partially dismiss Plaintiff's second amended complaint on January 12, 2015. *See* ECF Nos. 1 & 33. On January 29, 2015, Plaintiff filed a response to Defendants' motion to dismiss and a

notice of voluntary dismissal, requesting that this Court accept her dismissal of her claims for violation of Article 25 of the Maryland Declaration of Rights and 42 U.S.C. § 1983. *See* ECF No. 34-35. The following day, on January 30, 2015, Plaintiff filed a motion to remand, contending that this Court no longer has jurisdiction over her case. *See* ECF No. 36. Defendants oppose remand and request that the Court grant their motion to dismiss Plaintiff's claims for violation of Articles 25 and 46 of the Maryland Declaration of Rights and for violation of 42 U.S.C. § 1983. *See* ECF No. 37 at 3.

## II.    DISCUSSION

### A. Plaintiff's Notice of Voluntary Dismissal

The Court will first address Plaintiff's notice of voluntary dismissal. *See* ECF No. 34. Because Plaintiff seeks to dismiss two claims, rather than her entire suit, Plaintiff cannot proceed under Fed. R. Civ. P. Rule 41(a). "The proper mechanism for a plaintiff to withdraw some, but not all, claims is to file a motion to amend pursuant to Fed. R. Civ. P. 15." *Elat v. Ngoubene*, 993 F.Supp. 2d 497, 519 (D. Md. 2014) (citing *Skinner v. First Am. Bank of Va.*, 64 F.3d 659 (table), 1995 WL 507264, at *2 (4th Cir.1995) ("Because Rule 41 provides for the dismissal of *actions*, rather than *claims*, Rule 15 is technically the proper vehicle to accomplish a partial dismissal.")) (emphasis in original); *Young v. United Parcel Serv.*, DKC–08–2586, 2011 WL 665321 at *7 (D. Md. Feb. 14, 2011) (stating that "a plaintiff wishing to dismiss one count of a multi-count suit should ordinarily look to Rule 15, which governs amendments to pleadings" and "Rule 41(a), which addresses voluntary dismissals, applies only when a party seeks to dismiss an entire action, not merely one claim or count"), *rev'd on other grounds*, 135 St. Ct. 1338 (2015)). Thus, the Court construes Plaintiff's notice of voluntary dismissal as a motion to amend pursuant to Fed. R. Civ. P. 15(a).

Under Rule 15(a), "[a] party may amend [her] pleading *once* as a matter of course . . . 21 days after serving it, or . . . 21 days after service of a motion under Rule 12(b) . . . ." *See* Fed. R. Civ. P. 15(a)(1) (emphasis added). Otherwise, a party may amend the party's pleading only with "the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). Plaintiff has already amended her complaint twice. *See* ECF Nos. 6 & 22. Accordingly, Plaintiff may further amend her complaint only with the opposing party's consent or leave of Court.[1] Defendants oppose the elimination of some of Plaintiff's claims unless it is done with prejudice. *See* ECF No. 37 at 4. Thus, Plaintiff may only amend her complaint if the Court grants her leave to do so.

"The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). When deciding whether to grant leave to amend a complaint, the Court considers whether there will be undue prejudice to the opposing party, whether there will be undue delay, whether the amendment is done with bad faith or dilatory motive, and whether the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Defendants are concerned that Plaintiff is attempting to eliminate some of her claims in bad faith. *See* ECF No. 37 at 4. Plaintiff has previously amended her complaint twice at the state level. *See id.* Defendants have incurred expenses, including the $400 filing fee, in removing this

---

[1] A removed case is governed by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 81(c)(1), and a district court "takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Thus, Plaintiff must seek leave of court to amend her complaint.

case to federal court. *See id.* Thus, Defendants understandably fear that, given her repeated history of amending her complaint, if Plaintiff is permitted to eliminate the federal claim and have this case remanded, she will re-raise the federal claim once back in state court. *See* ECF No. 37 at 4. Plaintiff does little to quell Defendants' fears. Indeed, she incorrectly asserts that she has the automatic right to eliminate her federal claim and have her case remanded to state court. *See* ECF No. 38.

Even given Plaintiff's history of amending her complaint in this case, the Court is not convinced that her actions were taken in bad faith. While Plaintiff seeks to dismiss her only federal claim, "it is not bad faith for a plaintiff to bring both State and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court." *Ramotnik v. Fisher*, 568 F.Supp. 2d 598, 603 (D. Md. 2008); *see also Dominion Healthcare Servs., Inc. v. Value Options, Inc.*, 1:08CV134, 2009 WL 580326 at *4 (M.D.N.C. Mar. 5, 2009) ("[A] plaintiff may allege in state court both state and federal claims, and then if that action is removed, may with leave of court and in a timely manner dismiss its federal claims."); *Kimsey v. Snap–On Tools Corp.*, 752 F.Supp. 693, 695 (W.D.N.C. 1990) (noting that "attempting to avoid federal jurisdiction by amending the complaint . . . does not diminish the right of . . . plaintiffs to set the tone of their case by alleging what they choose") (internal quotation and citation omitted). Further, there is no evidence that Plaintiff added the federal claim with the desire that Defendants would incur expenses in the removal and remand process. *See Dominion Healthcare Servs., Inc.*, 2009 WL 580326 at *4 (finding no bad faith in motion to amend and eliminate federal claims where there was no evidence that plaintiffs desired to force defendants to incur the expenses of removal). In light of Rule 15(a)'s liberal construction, the Court will permit the amendment. Thus, Plaintiff has amended her complaint to remove her claims for

violation of Article 25 of the Maryland Declaration of Rights and 42 U.S.C. § 1983.

### B. Plaintiff's motion to remand

Without the 42 U.S.C. § 1983 claim, Plaintiff only alleges state-law claims. This does not end the inquiry on the motion to remand, however. "When a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell International Corp. v. United States*, 549 U.S. 457, 474 n. 6 (2007); *see also Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004) ("... subject matter jurisdiction is not divested from the district court when the federal claims are dismissed from the complaint.") (citation omitted). While not required to remand this case, the Court has discretion to either remand or retain a case when it "has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). Here, Defendants properly removed this case and, even with the elimination of the federal claim, the Court may retain jurisdiction over the state law claims if it chooses.

Trial courts enjoy wide latitude in determining whether to retain jurisdiction over state claims when all federal claims have been extinguished. *See, e.g., Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Some of the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). The doctrine of supplemental jurisdiction "... is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* at 350. Typically, the "balance of

factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n. 7.

Here, the Court has not expended substantial resources in this case, other than deciding this motion, and has not delved into the merits of the case. Thus, the interest of judicial economy favors remand. In addition, litigating this action in the Circuit Court for Montgomery County will not inconvenience the parties as all parties are located in Montgomery County. *See* ECF No. 2 at 2. Also, the state court is better suited to hear state law claims. "Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. The Court's analysis takes into account that Plaintiff has amended her complaint several times. *Cohill*, 484 U.S. at 357 (finding that courts may "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" and "should take this behavior into account"). However, as the Court has not found bad faith on the part of the Plaintiff in her amendments, the Court likewise fails to find that she is engaging in manipulative tactics.[2]

In sum, the factors to consider when deciding whether to remand state-law claims favor remand in this case. *Farlow v. Wachovia Bank of North Carolina, N.A.*, 259 F.3d 309, 316 (4th Cir. 2001) ("[I]n a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court.") (citation omitted). The Court declines

---

[2] As this case will be remanded, "Plaintiff's [removal of the federal claim] is tantamount to a voluntarily motion to dismiss the federal claim with prejudice, such that Plaintiff will not reassert the § 1983 in state court . . . ." *See Dominion Healthcare Servs., Inc.*, 2009 WL 580326 at *4 n. 3. As such, further amendments adding federal claims would likely be considered to be done in bad faith. *See id.*

to exercise supplemental jurisdiction over Plaintiff's state-law claims.

### III. CONCLUSION

For the reasons explained above, the Court construes Plaintiff's notice of voluntary dismissal, ECF No. 34, as a motion to amend her complaint and GRANTS the motion. Plaintiff's claims for violations of Article 25 of the Maryland Declaration of Rights and 42 U.S.C. § 1983 are eliminated from Plaintiff's suit. Plaintiff's remaining claims are for violation of Article 46 of the Maryland Declaration of Rights against both Defendants and Plaintiff's claims for battery and assault against Defendant Sgt. Lawrence. Given the elimination of the only federal claim, the Court declines to retain jurisdiction in this case. Plaintiff's Motion to Remand, ECF No. 36, is GRANTED. Because the complaint has been amended and the Court is remanding the case, Defendants' motion to dismiss, ECF No. 33, is denied as moot.

A separate Order follows.

Dated: July 22, 2015

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE